## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIAMOND DAVIS individually and on behalf of all others similarly situated | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| NORTHEAST CENTER FOR YOUTH AND FAMILIES, INC. and KEVIN DAY | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

COMES NOW Plaintiff, Diamond Davis, (hereinafter "Named Plaintiff") individually and on behalf of all other similarly situated ("Plaintiffs"), by and through their undersigned counsel, files their Original Complaint—Collective Action against complaint against Defendant Northeast Center for Youth and Families, Inc. ("NCYF") and Kevin Day, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, and the Massachusetts Wage Act M.G.L. ch. 151, for overtime violations. The case implicates Defendants' violations of the Fair Labor Standards Act's ("FLSA") and the Massachusetts Wage Act's overtime requirements, and Defendant's failure to pay Plaintiff and all similarly situated workers for their earned overtime wages for "off the clock" hours worked in excess of forty (40) per workweek. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. 216(b) and the Massachusetts overtime statute Mass. Gen. Laws ch. 151, § 1A.

1

## II.  STATEMENT OF CLAIMS

1. The instant complaint is for relief for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended and M.G.L. c. 151 and 149, § 150.

2. Pursuant to state law requirements as set forth in M.G.L. c. 151 and 149, § 150, the above named plaintiff filed her statutory claims with the Office of the Attorney General and received a right to sue letter in order to proceed on these claims in court.

## III.  PARTIES

3. Plaintiff Diamond Davis (hereinafter "Plaintiff" or "Ms. Davis ") is a resident of Springfield, Hampden County, Massachusetts.

4. Plaintiff is a current employee of Defendant, Northeast Center for Youth and Families, Inc., (hereinafter "Defendant").

5. Plaintiff Melvin Rivera is another individual who worked for Defendants.   His written consent to this action is attached hereto as Exhibits "A."

6. The Collective Members are all current and hourly employees who worked for Defendants for at least one week during the three-year period prior to the filing of this action to the present.

7. Defendant Northeast Center for Youth and Families, Inc. is a domestic corporation with its principal place of business at 203 East Street, Easthampton, MA 01027.

8. Defendant Northeast Center for Youth and Families, Inc conducts business within the State of Massachusetts and its judicial districts, and at all times relevant to this lawsuit is a private business entity that manages employees, such as Plaintiff.  Defendant Northeast

Center for Youth and Families may be served process to its registered agent and President, Kevin Day, at 10 Fox Run Easthampton, MA 01027.

9. Defendant Kevin Day is a natural person, President and CEO of Northeast Center for Youth and Families, Inc. Day exercised control over NCYF business operations. Day acted directly or indirectly on behalf of NCYF, and, at all times mentioned herein, was an "employer" or joint employer of Plaintiffs within the meaning of the FLSA. Kevin Day's principal place of business is at 203 East Street, Easthampton, MA 01027.

10. Defendant Kevin Day conducts business within the State of Massachusetts and its judicial districts, and at all times relevant to this lawsuit is a private business entity that manages employees, such as Plaintiff. Kevin Day may be served at 10 Fox Run Easthampton, MA 01027.

11. Personal jurisdiction exists over Defendants because they had sufficient minimum contacts with the State of Massachusetts to confer personal jurisdiction. Defendants conduct business throughout Massachusetts. Furthermore, Defendant contracted with and employs Massachusetts residents, has Massachusetts customers, markets to residents of Massachusetts, and owns property in Massachusetts. Moreover, the violation of the law and the harm committed to Plaintiff occurred in Massachusetts.

12. Plaintiff is covered by §§ 203, and 207 of the FLSA, as well as M.G.L c. 149, § 150 for the period in which she was employed by Defendants.

13. Plaintiff's rights to pursue remedies for unpaid overtime can not be waived under state and federal law.

14. Defendants are an employer as defined by § 203(d) of the FLSA.  Defendants are subject

to the provisions of the Fair Labor Standards Act of 1938, as amended, and M.G.L c. 149,

§ 150.

15. Plaintiff was, at all times relevant to this action, an "employee" of the Defendants as

defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

16. Defendants were provided an opportunity to resolve the concerns described herein prior

to the filing of this lawsuit.


## IV.  GENERAL ALLEGATIONS

17. Ms. Davis was employed by Defendants for approximately nine months as a Residential

Counselor and was paid an hourly rate ranging from $13.77 to $18.00 on a biweekly pay

schedule.

18. Each week, Ms. Davis worked 40 hours, in addition to an average of 28 hours of

overtime, totaling approximately 68 working hours each week.

19. Ms. Davis' base rate of pay fluctuated from $13.86 to $18.00 per hour, based on her

weekly schedule.  She also earned a differential rate of an extra $1 per hour for hours

worked on Saturdays and Sundays.  Accordingly, Ms. Davis should have been paid 1.5

times her base or differential rate in any given week after working more than 40 hours in

a given week and or 7 day period.

20. In calculating Ms. Davis' damages, her leave time and the few overtime hours Defendant

paid Ms. Davis since November 15, 2018 were taken into account. For approximately

904 hours of overtime she worked between November 15, 2018 and May 8, 2019, Ms.

Davis is owed a total $10,991.68 for unpaid overtime wages, plus $21,983.36 for treble damages in accordance with the mandates of M.G.L c. 149, § 150.

## V.   CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME

21. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

22. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff and similarly situated employees in accordance with §§ 203, and 207 of the FLSA.

23. Defendants have not made a good faith effort to comply with the FLSA with respect to overtime compensation of Plaintiff.

24. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

25. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

### COUNT TWO
### FAILURE TO PAY OVERTIME
### (Mass. Gen. L. c. 151)

26. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

27. During certain pay periods, Defendants willfully, knowingly and/or recklessly violated state law by failing to pay overtime wages to Plaintiff and similarly situated employees.

28. Under Massachusetts law which became effective on July 13, 2008, employers who violate Massachusetts wage and hour laws are  required to pay treble damages even if the violation was unintentional.

29. Plaintiff is entitled to treble damage for Defendant's failure to pay her for all of the hours she earned overtime pursuant to M.G.L. ch. 149, § 150.

**COUNT THREE**
**QUANTUM MERUIT**

30. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

31. Valuable services were rendered to Defendants by Plaintiff and similarly situated employees.

32. The services were accepted, used and enjoyed by Defendants.

33. A reasonable person would have expected to compensate Plaintiffs for such use and enjoyment.

34.  Plaintiffs had a reasonable expectation of receiving compensation for the services which were rendered.

35. Plaintiffs are entitled to damages.

## PRAYER FOR RELIEF

36. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

    a.   certify this case as a class action pursuant to M.G. L c. 149 § 150 and/or Mass. R. Civ. P. 23;

    b.   declaring judgment that the Defendants has willfully violated the FLSA and Massachusetts Wage Act;

    c.   awarding Plaintiff unpaid overtime compensation owed under the FLSA and Massachusetts Wage Act;

    d.   awarding Plaintiff an additional equal amount of unpaid overtime compensation and pre-judgment interest as liquidated damages;

    e.   awarding treble damages against Defendants and in favor of Plaintiff, and such interest as provided by M.G.L. c. 149, § 150;

    f.   awarding Plaintiff pre-judgment interest from the time of loss until payment of the judgment;

    g.   awarding Plaintiff his costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as provided by M.G.L. c. 149, § 150 and FLSA;

    h.   awarding Plaintiff damages with regard to his unjust enrichment claim; and

    i.   awarding Plaintiff such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

/s/ Arnold J. Lizana
Arnold J. Lizana III  (BBO #546161)
Law Offices of Arnold J. Lizana III
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel: 877-443-0999
alizana@attorneylizana.com

**ATTORNEYS FOR PLAINTIFF**

Taft L. Foley II
The Foley Law Firm
(*APPLYING TO BE ADMITTED PRO HAC VICE*)
3003 South Loop West, Suite 108
Houston, Texas, 77002
T: (832) 778-8182
F: (832) 778-8353
taft.foley@thefoleylawfirm.com